FILED

CLERK OF COURT

2024 NOV 18 PM 3: 13

SUPERIOR COURT
OF GUAM



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0446-18**<br>GPD Report No. 18-21592 |
| v. | |
| **LOUIS ANTHONY VARGAS,**<br>DOB: 06/06/1985 | **DECISION AND ORDER**<br>**DENYING DEFENDANT'S MOTION**<br>**TO DISMISS SUPERSEDING**<br>**INDICTMENT DUE TO IMPLIED**<br>**ACQUITTAL** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 30, 2024 for hearing on Louis Anthony Vargas's ("Defendant's") Motion to Dismiss Superseding Indictment Due to Implied Acquittal ("Motion"). Assistant Attorney General Christine Tenorio represents the People, and Assistant Public Defender Stephen Hattori represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

On May 14, 2021, an Amended Indictment was filed, charging Defendant with Charge One (Five Counts): First Degree Criminal Sexual Conduct ("CSC") (as a 1st Degree Felony) and Charge Two (Five Counts): Second Degree CSC (as a 1st Degree Felony), each with an accompanying Special Allegation: Vulnerable Victim Enhancement. See Amended Indictment (May 14, 2021). The charges stem from allegations that Defendant repeatedly sexually abused L.E.L. (DOB: 08/27/2008) ("Victim"), a minor under the age of 13, over a multi-year period. Id. Each count of Charge One alleges a different form of sexual penetration to Victim. Id. Each count of Charge Two alleges a different form of sexual contact to Victim. Id.

A jury trial was held between April 27, 2021 and May 20, 2021. Following the trial, the jury returned a guilty verdict for Charge Two (Count Four) and its accompanying Vulnerable Victim

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Implied Acquittal
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 1 of 5

Enhancement. See Verdict Forms 17 & 18 (May 20, 2021). However, the jury was unable to reach unanimous verdicts on the other charges. See Verdict Forms 1-16, 19, & 20 (May 20, 2021). The Court accepted the jury's verdicts and declared a mistrial on the charges the jury was deadlocked on. See Minute Entry (May 20, 2021).

Defendant's convictions on Charge Two (Count Four) and its accompanying Vulnerable Victim Enhancement would ultimately be vacated by the Supreme Court of Guam after they found a violation of Defendant's Sixth Amendment rights. See People v. Vargas, 2024 Guam 1 ¶ 32. That matter was remanded for a new trial. Id. at ¶ 32.

With the Defendant's conviction now vacated, the People filed a Superseding Indictment, bringing forth all the same charges and special allegations to which Defendant was originally tried in 2021. See Superseding Indictment (Jul. 12, 2024).

On July 26, 2024, Defendant filed his Motion to Dismiss Superseding Indictment Due to Implied Acquittal. Defendant claims Charge Two (Count Four) is a lesser-included offense of Charge One (Count Four), as each involve the same conduct alleged on the same date. See Court Recording at 10:11:20-10:13:25 (Aug. 30, 2024); Motion at 1-3 (Jul. 26, 2024). Defendant claims that his conviction of Charge Two (Count Four) thereby constitutes an implied acquittal of Charge One (Count Four). See Motion at 1-3 (Jul. 26, 2024).

On July 29, 2024, the People filed their Opposition to Motion ("Opposition"). The People claim Second Degree CSC is not a lesser-included offense of First Degree CSC. See Opposition at 3 (Jul. 29, 2024). Therefore, the People believe Defendant's conviction of Charge Two (Count Four) does not imply an acquittal of Charge One's corresponding count. Id. at 3.

The Court held a hearing on August 30, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

**DISCUSSION**

Charge One (Count Four) clearly does not involve the same conduct alleged in Charge Two (Count Four). Charge One (Count Four) alleges fellatio with Victim between February 1, 2018 – July 22, 2018, while Charge Two (Count Four) alleges touching Victim's primary genital area on July 26, 2018. See Superseding Indictment (Jul. 12, 2024). Despite continuously referring to Charge

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Implied Acquittal
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 2 of 5

One (Count Four), Defendant's argument actually concerns Charge One (Count Five), as that is the count alleging sexual intercourse with Victim on a date corresponding to Charge Two (Count Four)'s alleged sexual contact. Id. The Court will therefore apply Defendant's arguments to Charge One (Count Five) in its analysis.

## I.  Preliminary Law:

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." See *People v. Pablo*, 2016 Guam 29 ¶ 23.  Under the Double Jeopardy Clause, "no person shall …. be subject for the same offense to be twice put in jeopardy of life or limb." See U.S. Const. amend. V.

In accordance with this philosophy, a verdict of not guilty is "final", can "not be reviewed", and serves as "a bar to a subsequent prosecution for the same offense." See *Ball v. U.S.*, 163 U.S. 662, 671 (1896).  However, a verdict of guilty can be reversed by a defendant's own appeal, in which case he "could be tried again for the same offense … on the ground that the appellant had 'waived' his plea of former jeopardy by asking that the conviction be set aside". See *Green v. U.S.*, 355 U.S. 184, 189 (1957) (internal citations omitted).

But, if a defendant is convicted of a lesser-included offense, appeals of that conviction are not waivers of Double Jeopardy protections regarding the greater-included offense. Id. at 193.  In that instance, there is no waiver of Double Jeopardy protections, rather a "coerced surrender" that cannot equitably be enforced. Id. at 193.  This principle was explained in *Green v. U.S.*, where the Supreme Court prevented retrial of First Degree Murder charges after the defendant successfully appealed his conviction of the lesser-included Second Degree Murder charge. Id. at 185-191.  The Supreme Court treated a conviction of a lesser-included offense, when combined with a jury's failure to convict on the greater-included offense, "no differently, for purposes of former jeopardy, than if the jury had a returned a verdict which expressly read: 'We find the defendant not guilty'" of the greater-included offense. Id. at 191.

## II.  Defendant's conviction on Charge Two (Count Four) does not implicate the Implied Acquittal Doctrine because that charge is not a lesser-included offense of any charges in the indictment.

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Implied Acquittal
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 3 of 5

Here, jeopardy had attached to all charges because the jury was empaneled and sworn in. See Minute Entry (Apr. 27, 2021).

The only charge Defendant was initially convicted on was Charge Two (Count Four): Second Degree CSC and its accompanying Vulnerable Victim Enhancement. See Verdict Forms 17 & 18 (May 20, 2021). This charge alleges that Defendant intentionally engaged in sexual contact, to wit: touching the primary genital area of Victim, a minor under 14 years of age, on July 26, 2018. See Superseding Indictment (Jul. 12, 2024). Charge One (Count Five): First Degree CSC, alleges that Defendant intentionally engaged in sexual penetration, to wit: sexual intercourse with Victim, a minor under 14 years of age, on a corresponding date. Id.

Defendant's conviction of Charge Two (Count Four) does not implicate the Implied Acquittal Doctrine because Charge Two (Count Four) is not a lesser-included offense of Charge One (Count Five). That is to say, "Second Degree CSC is not a lesser included offense of First Degree CSC". See *People v. Sorgeni*, 2010 Guam ¶ 23.

Under 8 G.C.A. § 105.58(b), an offense is a lesser-included offense of another when:

> (1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
> (2) It consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or
> (3) It differs from the offense charged only in respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

Second Degree CSC is not a lesser-included offense of First Degree CSC under 8 G.C.A. § 105.58(b)(1)'s "same or less than all the facts" test because Second Degree CSC requires proof of scienter while First Degree CSC does not. See *People v. Cummins*, 2010 Guam 19 ¶ 19-20. Second Degree CSC requires "sexual contact" with the victim. See 9 G.C.A. § 25.20(a). Contact rises to the level of sexual contact if it "can reasonably be construed as being for the purpose of sexual arousal or gratification". See 9 G.C.A. § 25.10(a)(9). First Degree CSC requires "sexual penetration" with the victim. See 9 G.C.A. § 25.15(a). Unlike sexual contact, sexual penetration does not require any culpable state of mind. See 9 G.C.A. § 25.10(a)(10). By requiring a scienter

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Implied Acquittal
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 4 of 5

element not contained within First Degree CSC, "Second Degree CSC is not a necessarily included offense of First Degree CSC". See *People v. Cummins*, 2010 Guam 19 ¶ 24.

8 G.C.A. § 105.58(b)(3) also does not suggest that Second Degree CSC is a lesser-included offense of First Degree CSC. The additional facts required by Second Degree CSC are those of scienter rather than injury to the victim. The kind of culpability that Second Degree CSC requires is greater than that required for First Degree CSC, because Second Degree CSC requires that the action "reasonably be construed as for the purpose of sexual arousal or gratification", while First Degree CSC does not include a scienter element. See 9 G.C.A. §§ 25.10(a)(9), (10). Therefore, 8 G.C.A. 105.58(b)(3) is not implicated.

Neither does 8 G.C.A. § 105.58(b)(2) establish Second Degree CSC as a lesser-included offense of First Degree CSC. This is because "the completed crime of Second Degree CSC is *distinct* from an 'attempted' (or otherwise inchoate) crime of First Degree CSC." See *People v. Songeni*, 2010 Guam 20 ¶ 15.

Because Second Degree CSC is not a lesser-included offense of First Degree CSC, Defendant's conviction of Charge Two (Count Four): Second Degree CSC does not constitute an implied acquittal of any counts of Charge One: First Degree CSC, even though Charge One (Count Five)'s allegations share a corresponding date.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. No charges in the Superseding Indictment will be dismissed on grounds of an implied acquittal in Defendant's 2021 trial.

**IT IS SO ORDERED** this __November 18, 2024__

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

___AG, PDSC___

Date: 11/18/24 Time: 3:14pm

Antonio _____
Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Implied Acquittal
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 5 of 5